Slip Op. 19-14

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **AERO RUBBER COMPANY, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant. | **Before: Claire R. Kelly, Judge**<br><br>**Court No. 15-00174**<br>**PUBLIC VERSION** |

## MEMORANDUM AND ORDER

[Denying Defendant's motion to strike.]

Dated: January 29, 2019

<u>William D. Outman, II</u>, of Chevy Chase, Maryland, for Plaintiff, Aero Rubber Company, Inc.

<u>Edward F. Kenny</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, New York, for Defendant. With him on the brief were <u>Chad A. Readler</u>, Acting Assistant Attorney General, and <u>Amy M. Rubin</u>, Assistant Director, International Trade Field Office, of New York, New York.

Kelly, Judge: Before the court is a motion to strike a series of questionnaires and all references to those questionnaires from the record. Mot. to Strike, Apr. 27, 2018, ECF No. 73 ("Def.'s Mot."). Plaintiff, Aero Rubber Company, Inc. ("ARC") filed a response in opposition to the motion. Opp'n Def.'s Mot. to Strike, May 18, 2018, ECF No. 75. For the reasons that follow, the court will disregard the questionnaires, but the motion is denied.

## BACKGROUND

This action concerns the classification of an assortment of imported silicone bands that have been molded, contain printed wording or motifs and are larger than wristband

size.  Compl. ¶ 8, Sept. 15, 2015, ECF No. 8; Mem. Supp. Def.'s Mot. Summary J. at 1, 7, Dec. 22, 2017, ECF No. 45.  ARC submitted a collection of questionnaire responses ("the questionnaires") as an exhibit to its memorandum in reply to and further supporting its cross-motion for summary judgment.[1]  See Pl.'s Ex. 19 (Questionnaires) at 9–77, Apr. 11, 2018, ECF No. 69.  ARC prepared the questionnaires during preparation for trial and sent them to a random selection of its customers.  Pl.'s Ex. 19 (Decl. and Aff. Paul G. Berlin Sr.) at 2, Apr. 11, 2018, ECF No. 69.  The questionnaires ask customers a series of questions regarding the customers' use of the bands and their purpose for ordering bands with printing.  See, e.g., Pl.'s Ex. 19 ([[          ]] Questionnaire) at 1–3, July 29, 2015, ECF No. 69.  Defendant, the United States, pursuant to United States Court of International Trade ("USCIT") Rule 56(c)(2) and (4), moves to strike all versions of the questionnaires as well as all references to the contents of the questionnaires appearing in ARC's memorandum in reply to and further supporting its cross-motion for summary judgment.  Def.'s Mot.; see also Pl.'s Mem. Reply & Opp'n Def.'s Mot. Summary J. & Supp. Pl.'s Cross-Mot. Summary J., Apr. 11, 2018, ECF No. 66 (containing references to the questionnaires).  Defendant argues that these submissions should be stricken from the record because they are both irrelevant and constitute inadmissible hearsay.  Def.'s Mot. at 2.

---

[1] The title of Plaintiff's brief indicates that it also comprises a reply in opposition to Defendant's summary judgment motion.  See Pl.'s Mem. Reply & Opp'n Def.'s Mot. Summary J. & Supp. Pl.'s Cross-Mot. Summary J., Apr. 11, 2018, ECF No. 66.  However, Plaintiff previously responded in opposition to Defendant's summary judgment motion.  See Pl.'s Mem. Opp'n Def.'s Mot. Summary J. & Supp. Pl.'s Cross-Mot. Summary J., Jan. 29, 2018, ECF No. 53.

## **DISCUSSION**

A motion to strike is not the appropriate remedy for an objection pursuant to USCIT Rule 56(c), and Defendant's motion is thus denied. USCIT Rule 12(f), which governs motions to strike, provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff submitted the questionnaires not as part of a pleading, but rather as an exhibit to its memorandum in reply to and further supporting its cross-motion for summary judgment. See Pl.'s Ex. 19 (Questionnaires) at 9–77, Apr. 11, 2018, ECF No. 69. USCIT Rule 12(f) is thus inapplicable and Defendant's motion to strike is denied.

Moreover, even if the court were to consider Defendant's motion to strike outside the pleading context, Defendant's motion would fail. Although the court possesses broad discretion in deciding motions to strike, Beker Indus. Corp. v. United States, 7 CIT 199, 200, 585 F. Supp. 663, 665 (1984), motions to strike are generally not favored and seldomly granted. Jimlar Corp. v. United States, 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986). Granting such a motion "constitutes an extraordinary remedy" and should happen only "where there has been a flagrant disregard of the rules of court." Id. USCIT Rule 1 also guides the analysis, requiring the court to construe, administer, and employ the court's rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Here, no such "flagrant disregard" for the court's rules has occurred, and the court may disregard the questionnaires in deciding the parties' summary judgment motions, avoiding unnecessary cost and delay. USCIT R. 1; USCIT R. 81(m); Jimlar Corp., 10 CIT at 674, 647 F. Supp. At 935. Striking the described submissions is

therefore unnecessary, and Defendant's motion, even if applied outside the pleading context, is unavailing.

Defendant's motion nonetheless contains an evidentiary objection pursuant to USCIT Rule 56(c), arguing that the questionnaires cannot be presented in a form that would be admissible. Rule 56(c)(2) provides that, at the summary judgment stage, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Defendant objects on two grounds, arguing first that the questionnaires are inadmissible because they are irrelevant, and second that they are inadmissible because they constitute hearsay. Def.'s Mot. at 2–4. The court sustains Defendant's relevance objection and does not reach Defendant's hearsay objection.[2]

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a) & (b). Here, the questionnaires are irrelevant because they do not pertain to any of the ten bands at issue in this action. The subject of the current action is the proper classification of ten silicone bands, each with unique characteristics. Def.'s Statement of

---

[2] Hearsay is an out of court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is inadmissible at trial unless otherwise provided for by a federal statute, a Federal Rule of Evidence, or a rule prescribed by the Supreme Court. Fed. R. Evid. 802. The court may nevertheless "consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." United States v Sterling Footwear, Inc., 41 CIT __, __, 279 F. Supp. 3d 1113, 1124–25 (2017) (quoting Jones v. UPS Ground Freight, 683 F.3d 1283, 1293–94 (11th Cir. 2012) (citation omitted)).

Undisputed Material Facts at ¶ 27, Dec. 26, 2017, ECF No. 52; Pl.'s Statement of Undisputed Material Facts at ¶ 27, Jan. 29, 2018, ECF No. 53; see also Mem. Supp. Def.'s Mot. Summary J. at 7–12, Dec. 22, 2017, ECF No. 45; Pl.'s Mem. Opp'n Def.'s Mot. Summary J. & Supp. Pl.'s Cross-Mot. Summary J. at 5–13, Jan. 29, 2018, ECF No. 55. Note 2 to Section VII of the Harmonized Tariff Schedule of the United States ("HTSUS") provides that certain plastic articles that contain printing "not merely incidental to the primary use of the goods" are properly classified under Chapter 49, rather than Chapter 39. The classification analysis must therefore consider the facts pertaining to each individual band in question in order to discern "the primary use of the goods." Id. ARC asserts that "[t]he use of the Questionnaires is obviously relevant to the plaintiff's continuing assertion that 'printing is indeed important to all of Aero's customers.'" Opp'n Def.'s Mot. Strike at 5, May 18, 2018, ECF No. 75. The wording of Note 2 to Section VII, which is a statutory provision of law, see HTSUS, Preface at 1 n.2, USITC Pub. 4833 (2013); BenQ Am. Corp. v. United States, 646 F.3d 1371, 1376 (Fed. Cir. 2011), makes clear that the inquiry regarding whether printing is incidental turns on an assessment of the specific merchandise in question, not the feedback of customers who purchased distinct merchandise from the manufacturer. Accordingly, questionnaires providing customer feedback on entirely separate silicone bands do not make any material fact "more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Defendant's relevance objection is thus sustained, and the court will not consider the questionnaires or the corresponding references to the questionnaires when deciding the parties' motions for summary judgment.

## **CONCLUSION**

The court sustains Defendant's evidentiary objection but denies Defendant's motion to strike. Therefore, in accordance with the foregoing, and upon due deliberation, it is

    **ORDERED** that Defendant's motion is denied.

                                        /s/ Claire R. Kelly
                                        Claire R. Kelly, Judge

Dated: January 29, 2019
       New York, New York